1     IN THE UNITED STATES DISTRICT COURT

2     FOR THE NORTHERN DISTRICT OF CALIFORNIA

3  JAMES GREGORY MARLOW,                  No. C 07-03655 CW (PR)

4          Plaintiff,

5      v.

6  ROBERT L. AYERS, Warden, et al.,

7          Defendants.
   _____/
8  JAMES G. MARLOW,

9          Plaintiff,                     No. C 07-05965 CW (PR)

10                                        ORDER CONSOLIDATING ACTIONS AND
                                          DISMISSING AMENDED COMPLAINT
11     v.                                 WITH LEAVE TO AMEND

12 ROBERT L. AYERS, Warden, et al.,

13         Defendants.
   _____/

14

15     Plaintiff James Gregory Marlow, a state prisoner currently

16 incarcerated at San Quentin State Prison (SQSP), has filed the two

   pro se civil rights actions pursuant to 42 U.S.C. § 1983.  Venue is

17 proper in this district because the events giving rise to the

18 actions occurred at SQSP, which is located in this district.  See

19 28 U.S.C. § 1371(b).

20                      MOTION TO CONSOLIDATE

21     On July 17, 2007, Plaintiff filed his first civil rights

22 action, Marlow v. Ayers, et al., C 07-03655 CW (PR), in which he

23 states:

24         Some months ago I sent a name list of correctional
           officers and Capt. R.W. Fox to Warden Ayers S.Q. Prison
25         -- listing that said staff were threatening to kill me
           over my stamped U.S. mail out of S.Q. Prison as a
26         staged suicide, indices hearttack [sic], staged
           accident, or mock nec. force.
27

28 (Compl. at 3.)  Plaintiff claims that he received no response from

   Defendant SQSP Warden Ayers.  He alleges that he also wrote to

Defendants SQSP Associate Warden Dacanay and SQSP Captain R.W. Fox, but he received "no help" from them. (Id.) He then filed a 602 appeal. He claims that afterwards, "all [his] property was taken" but that "later some was given back by staff." (Id.) Plaintiff claims that he was "stressed out" by the "duress expressed by correctional staff in S.Q. and CDC over [him] mailing in [his] completed 602 appeal . . . ." (Id.) He decided to mail an appeal to the Sacramento Bee. On June 4, 2007, he alleges that Defendant Fox informed him that his "602 appeal mailed to the Sacramento Bee never made it out of S.Q. . . . and that the CDC staff were [sic] going to kill [him] for [his] stamped mail out of S.Q. or have other inmates do it to [him]." (Id.) Attached to his complaint is a letter dated April 25, 2007, in which Plaintiff states that SQSP officials are using "high tech mind control via low f.m. microbroadcasting." (Letter to the Hon. Lawrence K. Karlton dated Apr. 25, 2007.) Plaintiff requests injunctive relief. He has been granted leave to proceed in forma pauperis (IFP) in Case No. C 07-03655 CW (PR).

On November 27, 2007, Plaintiff filed his second civil rights action, Marlow v. Ayers, et al., C 07-05965 CW (PR), in which he refers to his first action and repeats his previously raised allegations. Plaintiff states:

> This is an emergency life threatening situation.
> Associate Warden D. Dacanay, Capt. R.W. Fox, Lt.
> Pickett W/M, W/M Sgt. Holt and many officers and some
> psych staff promise I'll be killed for my legal mail
> and visits with Fed. Pub. Defender . . . also yard
> situps are threatened by Sgt Holt etc. when I name a
> Sgt. or Lt. they often switch and do the same things!

(Am. Comp. at 3.) He alleges that his claims are now exhausted because he received a denial from the Director's level on November

2

**United States District Court**
For the Northern District of California

11, 2007.  He names the following Defendants:  SQSP Warden Ayers;

SQSP Associate Warden Dacanay; SQSP Captain R.W. Fox; SQSP Sgt.

Holt, SQSP Lt. Pickett; and SQSP Lt. Lee.  He seeks both injunctive

and monetary relief.

     On December 7, 2007, Plaintiff filed a letter (docket no. 15

in Case No. C 07-03655 CW (PR) and docket no. 4 in Case No. C 07-

05965 CW (PR)) requesting to "combine both civil 1983 cases

together," which the Court will construe as a motion to consolidate

the two pending actions.

     In the interests of justice, Plaintiff's request to

consolidate these actions is GRANTED.  The Clerk of the Court shall

CONSOLIDATE these cases into the lower case number, Case No. C 07-

03655 CW (PR).  Plaintiff's complaint in Case No. C 07-05965 CW

(PR) shall be filed as an "Amended Complaint" in Case No. C 07-

03655 CW (PR), and it will be the operative complaint in this

action.  Case No. C 07-05965 CW (PR) shall be administratively

closed.  The Court now conducts an initial screening of the amended

complaint pursuant to 28 U.S.C. § 1915A(a).

                              DISCUSSION

I.   Standard of Review

     A federal court must conduct a preliminary screening in any

case in which a prisoner seeks redress from a governmental entity

or officer or employee of a governmental entity.  See 28 U.S.C.

§ 1915A(a).  In its review, the court must identify cognizable

claims and dismiss any claims that are frivolous, malicious, fail

to state a claim upon which relief may be granted or seek monetary

relief from a defendant who is immune from such relief.  See id.

§ 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally

                                  3

**United States District Court**
For the Northern District of California

1  construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

2  699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a

3  plaintiff must allege two essential elements: (1) that a right

4  secured by the Constitution or laws of the United States was

5  violated, and (2) that the alleged violation was committed by a

6  person acting under the color of state law.  See West v. Atkins,

7  487 U.S. 42, 48 (1988).

8  II.  28 U.S.C. § 1915(g)

9      The Prison Litigation Reform Act of 1995 (PLRA), which was

10 enacted on April 26, 1996, provides that a prisoner may not bring a

11 civil action or appeal a civil judgment under 28 U.S.C. § 1915

12         if the prisoner has, on 3 or more prior occasions, while
           incarcerated or detained in any facility, brought an
13         action or appeal in a court of the United States that was
           dismissed on the grounds that it is frivolous, malicious,
14         or fails to state a claim upon which relief may be
           granted, unless the prisoner is under imminent danger of
15         serious physical injury.

16 28 U.S.C. § 1915(g).  Because § 1915(g) is a procedural rule that

17 does not raise retroactivity concerns, cases which were dismissed

18 before the effective date of § 1915(g), i.e., April 26, 1996, may

19 be counted as qualifying dismissals or "strikes."  See Tierney v.

20 Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

21     This Court has dismissed three or more prior prisoner actions

22 filed by Plaintiff on the grounds that they were frivolous, or

23 malicious, or failed to state a claim upon which relief may be

24 granted.  See e.g., Marlow v. Calderon, C 98-622 CW (PR) (claim of

25 "hypnotic psychotherapy, psychoanalysis, wavelength induction

26 mindwashing"); Marlow v. Calderon, C 98-821 CW (PR) (claim of

27 prisoners being poisoned, suicides being staged, correctional

28 officials using "microbroadcasting f.m. radio" as "high tech type

4

United States District Court
For the Northern District of California

1   ego-hunger, aggression induced wear down gestalt therapy"); <u>Marlow</u>

2   <u>v. Morris</u>, C 98-1006 CW (PR) (claim against private actors); <u>Marlow</u>

3   <u>v. Morris</u>, C 98-1719 CW (PR) (claim against private actor).

4        Here, Plaintiff has alleged that he is under imminent danger

5   of serious physical injury; therefore, this action is not subject

6   to dismissal under § 1915(g).  Plaintiff has already been granted

7   leave to proceed IFP.

8   III. Exhaustion

9        A threshold question which must be answered before Plaintiff

10  can proceed with his action is whether he has exhausted available

11  administrative remedies with respect to his claims.

12       The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o

13  action shall be brought with respect to prison conditions under [42

14  U.S.C. § 1983], or any other Federal law, by a prisoner confined in

15  any jail, prison, or other correctional facility until such

16  administrative remedies as are available are exhausted."  42 U.S.C.

17  § 1997e(a).  Although once within the discretion of the district

18  court, exhaustion in prisoner cases covered by § 1997e(a) is now

19  mandatory.  <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002).  All

20  available remedies must now be exhausted; those remedies "need not

21  meet federal standards, nor must they be 'plain, speedy, and

22  effective.'"  <u>Id.</u> (citation omitted).  Even when the prisoner seeks

23  relief not available in grievance proceedings, notably money

24  damages, exhaustion is a prerequisite to suit.  <u>Id.</u>; <u>Booth v.</u>

25  <u>Churner</u>, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a

26  prerequisite to all prisoner suits about prison life, whether they

27  involve general circumstances or particular episodes, and whether

28  they allege excessive force or some other wrong.  <u>Porter</u>, 534 U.S.

**United States District Court**
For the Northern District of California

at 532.   The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.   <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S. Ct. 2378, 2387 (2006).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."   Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials.   <u>Id.</u> § 3084.1(e).   In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation.   <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).   A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a).   <u>Id.</u> at 1237-38.

Plaintiff has attached to his amended complaint a copy of the 602 inmate appeal he filed at SQSP regarding the alleged threats of immediate deadly harm by SQSP officials.   Prison officials responded to the grievance at all three levels of review. Accordingly, his claim appears to be exhausted.

IV.   Plaintiff's Claim of Threats of Immediate Deadly Harm

Allegations of harassment, embarrassment and defamation are not cognizable under section 1983.   <u>Rutledge v. Arizona Bd. of Regents</u>, 660 F.2d 1345, 1353 (9th Cir. 1981), <u>aff'd sub nom. Kush</u>

United States District Court
For the Northern District of California

v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). A threat of deadly force made merely to inflict gratuitous fear and punishment when the party has both the opportunity to carry out the threat and evidences the intent to do so does state a cognizable claim under the Eighth and Fourteenth Amendments, however. See Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986) (drawing gun and terrorizing prisoner with threats of death while using racially offensive language states first amendment, due process and equal protection claims); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody); Parker v. Asher, 701 F. Supp. 192, 194 (D. Nev. 1988) (threatening to shoot inmate with taser gun merely to inflict gratuitous fear and punishment states claim under eighth and fourteenth amendments).

1    Liberally construed, Plaintiff's allegations present a

2    cognizable claim under 42 U.S.C. § 1983 for the violation of his

3    constitutional rights.

4    In the section of the complaint form where he sets forth his

5    allegations Plaintiff identifies SQSP Associate Warden D. Dacanay,

6    SQSP Capt. R.W. Fox, SQSP Lt. Pickett, and SQSP Sgt. Holt.  In the

7    section of the complaint form where Plaintiff is asked to write the

8    names of all Defendants he also names SQSP Warden R.L. Ayers and

9    SQSP Lt. Lee.  None of these Defendants is linked specifically to

10    Plaintiff's allegations.  Instead, the record shows that Plaintiff

11    named other SQSP officers as those who participated in the threats

12    of immediate deadly harm.  In the attachment to his 602 appeal

13    form, Plaintiff stated that on February 18, 2007, SQSP Officers

14    Ward and R. Moore stated, "Going to yard Marlow, and you know we're

15    gonna suicide ya for all that mail." (Attach. to 602 appeal log

16    no. 07-00815.)  Plaintiff also stated that on February 19, 2007,

17    SQSP Officers G. Thompson, C. Love, D. Baine, Z. Clark, D.

18    Chrytaline and "others" remarked, "Marlow your [sic] gonna die for

19    all that mail out of S.Q.  You were warned!" (<u>Id.</u>)  According to

20    the first level response, when Plaintiff was interviewed by SQSP

21    Lt. E. Hodgkin on March 13, 2007, Plaintiff "would not identify

22    staff by name but was extremely apologetic saying he did not want

23    to cause any trouble." (Staff Complaint Response signed by D.

24    Dacanay on Apr. 3, 2007.)

25    Liability may be imposed on an individual defendant under

26    § 1983 if the plaintiff can show that the defendant proximately

27    caused the deprivation of a federally protected right.  <u>See</u> <u>Leer v.</u>

28    <u>Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of</u>

Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff has not linked Defendants Ayers, Dacanay, Fox, Pickett, Holt and Lee to his allegations involving the use of threats of immediate deadly harm; therefore, all claims again these Defendants are DISMISSED with leave to amend. Plaintiff's claim of threats of immediate deadly harm cannot proceed against these Defendants unless Plaintiff amends his complaint to cure this pleading deficiency. If Plaintiff does not intend to bring this claim against these Defendants, he must not name them as Defendants in his Second Amended Complaint. Instead he must name those individuals who actually threatened him with immediate deadly harm.

Finally, Plaintiff names "many officers and some psych staff" as Defendants. A defendant cannot be held liable simply based on his membership in a group without showing his individual participation in unlawful conduct. Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996). Either personal involvement or integral

**United States District Court**
For the Northern District of California

1  participation of each defendant in the alleged constitutional

2  violation is required before liability may be imposed.  See <u>Jones</u>

3  <u>v. Williams</u>, 297 F.3d 930, 936 (9th Cir. 2002).  Plaintiff cannot

4  name "many officers and some psych staff" as Defendants without

5  naming and linking specifically each prison employee to his claim

6  of threats of immediate deadly harm.  Accordingly, all claims

7  against the Defendant group of "many officers and some psych staff"

8  (as opposed to individually named prison employees) are DISMISSED.

9                              CONCLUSION

10      For the foregoing reasons, the Court orders as follows:

11      1.   Plaintiff's request to consolidate his two civil rights

12  actions (docket no. 15 in Case No. C 07-03655 CW (PR) and docket

13  no. 4 in Case No. C 07-05965 CW (PR)) is GRANTED.  The Clerk of the

14  Court shall CONSOLIDATE these cases into the lower case number,

15  Case No. C 07-03655 CW (PR).  Plaintiff's complaint in Case No.

16  C 07-05965 CW (PR) shall be filed as an "Amended Complaint" in Case

17  No. C 07-03655 CW (PR), and it will be the operative complaint in

18  this action.

19      2.   The Clerk shall administratively close Case No. C 07-

20  05965 CW (PR).  Plaintiff's application for leave to proceed IFP in

21  C 07-05965 CW (PR) is terminated as moot because no filing fee is

22  due as this action was opened in error.

23      3.   Liberally construed, Plaintiff's allegations in his

24  amended complaint present a cognizable claim under 42 U.S.C. § 1983

25  for the violation of his constitutional rights based on the use of

26  threats of immediate deadly harm.

27

28

                                   10

**United States District Court**
For the Northern District of California

1    4.    All claims against the Defendant group of "many officers

2  and some psych staff" (as opposed to individually named prison

3  employees) are DISMISSED.

4    5.    Within <u>thirty (30) days</u> from the date of this Order

5  Plaintiff shall file a second amended complaint as set forth above.

6  Plaintiff must use the attached civil rights form, write the case

7  number for this action on the form, clearly label the complaint

8  "Second Amended Complaint," and complete all sections of the form.

9  Should he fail to do so, the claims against the unlinked Defendants

10 will be dismissed from the action without further leave to amend.

11 If Plaintiff fails to name new linked Defendants, then his

12 complaint will be dismissed without further leave to amend.

13    6.    The Clerk of the Court shall send Plaintiff a blank civil

14 rights form along with a copy of this Order.

15    IT IS SO ORDERED.

16

Dated:  4/29/08

17                                    CLAUDIA WILKEN
                                      UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMES GREGORY MARLOW,

        Plaintiff,

  v.

ROBERT L. AYERS et al,

        Defendant.

_____/

Case Number: CV07-03655 CW
CV07-05965 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 29, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Gregory Marlow E-32700
San Quentin State Prison
San Quentin, CA 94974

Dated: April 29, 2008

                         Richard W. Wieking, Clerk
                         By: Sheilah Cahill, Deputy Clerk

**United States District Court**
For the Northern District of California